# In the United States Court of Federal Claims

No. 21-992
(Filed: June 10, 2021)

**NOT FOR PUBLICATION**

```
*************************************
DARRELL AVERY,                   *
                                 *
            Plaintiff,           *
                                 *       Pro Se Complaint; Sua Sponte
       v.                        *       Dismissal for Lack of Subject-Matter
                                 *       Jurisdiction; RCFC 12(h)(3).
THE UNITED STATES,               *
                                 *
            Defendant.           *
*************************************
```

*Darrell Avery*, Cumberland, MD, *pro se*.

*John Manuel McAdams*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

"A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988). Darrell Avery, a *pro se* plaintiff, filed a complaint alleging violations of his constitutional rights and claiming ineffective assistance of counsel. Because Mr. Avery's complaint fails to cite a money-mandating source of law, his complaint must be **DISMISSED** for lack of subject-matter jurisdiction.

## I.   BACKGROUND

Mr. Avery filed his complaint in this Court on February 22, 2021 seeking to overturn his conviction and sentencing in a Maryland state court based on alleged violations of his constitutional rights and an ineffective assistance of counsel claim. Compl. at 1-2, ECF No. 1. Mr. Avery requests "resentenc[ing], new trial, or any other process to correct this matter" and "[r]easonable settlement compensation" and "[a]ttorney fees." *Id.* at 2. On March 10, 2021, the Court—believing it lacks subject-matter jurisdiction—ordered Mr. Avery to show cause as to why his complaint should not be dismissed—explicitly instructing him to "identify which source(s) of law he is invoking and explain why this Court has jurisdiction[.]" Show Cause Order, ECF No. 7. The Court also ordered Mr. Avery to pay the filing fees or file an application to proceed *in forma pauperis*. *Id.* In response, Mr. Avery filed an application to proceed *in forma*

*pauperis*. Pl.'s Mot. to Proceed *In Forma Pauperis*, ECF No. 8. Mr. Avery, however, did not identify a money-mandating source of law or otherwise explain why this Court has jurisdiction.

## II.    DISCUSSION

"Subject-matter jurisdiction may be challenged at any time . . . by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *see* RCFC 12(h)(3). Although pleadings drafted by *pro se* plaintiffs are held to a "less stringent standard than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* plaintiff's pleadings must still meet the Court's jurisdictional requirements. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

This Court's jurisdiction is limited under the Tucker Act to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d. 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). Not every claim that identifies the Constitution as a source of law will establish jurisdiction in this Court. *Mitchell*, 463 U.S. at 216. To invoke this Court's jurisdiction based on the Constitution, the plaintiff must demonstrate that the constitutional provision "expressly creates a substantive right enforceable against the federal government for money damages." *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). The absence of a money-mandating source of law is fatal to this Court's jurisdiction. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

Mr. Avery's complaint—given a liberal reading—alleges due process violations under the Fourteenth Amendment and ineffective assistance of counsel under the Sixth Amendment. Compl. at 1-2. It is well established that these constitutional provisions do not mandate the payment of money damages by the United States. *See LeBlanc*, 50 F.3d at 1028 (finding due process violations are not a sufficient basis for jurisdiction because they do not mandate payment of money); *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) ("[The] Federal Circuit has held expressly that [this Court] does not have jurisdiction over claims arising under the Sixth Amendment . . or the Fourteenth Amendment . . . because they do not mandate the payment of money."); *Smith v. United States*, 51 Fed. Cl. 36, 38 (2001) (finding that the Court of Federal Claims lacks jurisdiction over Sixth Amendment ineffective assistance of counsel claims). Thus, because Mr. Avery's complaint does not identify a money-mandating source of law, this Court lacks subject-matter jurisdiction, and his complaint must be dismissed.[1]

---

[1] In addition to his failure to identify a money-mandating source of law, Mr. Avery's allegations appear to be against individuals, not the United States government. *See* Compl. at 1. The Court likewise lacks subject-matter jurisdiction over claims against parties other than the United States government. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [C]ourt.").

**III.    CONCLUSION**

For the reasons above, Mr. Avery's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to RCFC 12(h)(3). Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED** for the limited purpose of determining this Court's jurisdiction. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge